UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MARVIN KELLER TRUCKING, INC.,** | ) | Case No.  22-90165 |
| | ) | |
| **Debtor.** | ) | Chapter 11 |

## MOTION TO DISMISS CASE

NOW Comes **MARVIN KELLER TRUCKING, INC.**, debtor-in-possession in the above case ("**Debtor**"), by its attorneys in this proceeding Rafool & Bourne, P.C., and moves to dismiss the above Chapter 11 Case pursuant to 11 U.S.C. § 1112 and Federal Rule of Bankruptcy Procedure Rule 2002(a)(4), and states the following:

1. This Court has jurisdiction to hear and determine this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C.§§ 1408 and 1409.  This is a "core" proceeding under 28 U.S.C. § 157(b).

2. On April 22, 2022, the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Central District of Illinois (the "**Bankruptcy Case**").

3. The Debtor and other persons and entities, including its largest unsecured creditors and the Official Committee of Creditors Holding Unsecured Claims, have engaged in settlement discussions to resolve the matters that resulted in the filing of the Bankruptcy Case. These settlement discussions have resulted in a settlement agreement subject to approval by the Bankruptcy Court of the agreement, and that agreement contemplates dismissal of the Bankruptcy Case without prejudice.

4. A full description of the background and terms of agreement are detailed in the Debtor's filed Motion to Approve Compromise and Settlement and the attached proposed settlement agreement exhibit to that motion (the "**Settlement Agreement**" and the "**Settlement Motion**") [Doc. 257].

5. By this motion and consistent with the terms of the proposed Settlement Agreement, the Debtor requests entry of an order dismissing the Bankruptcy Case with the following additional relief requested.

5. Section 1112(b) of the Bankruptcy Code provides:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . .

11 U.S.C. § 1112(b)(1).

6. Under Section 1112, the term "cause" includes, but is not limited to "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). However, in determining whether "cause" exists under Section 1112(b), "bankruptcy courts have broad discretion in deciding whether to convert or dismiss case." *In re Capra*, 614 B.R. 291, 297 (Bankr. N.D. Ill. 2020). The list of "causes" enumerated in Section 1112(b) is not exclusive. *In re Aurora Memory Care, LLC*, 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018). "Whether a chapter 11 case should be dismissed or converted depends on what is in the best interest of creditors and the estate." *Id.* at 643 (quotations omitted). Furthermore, "creditors are generally best served by the course of action that results in the largest number of [them] being paid the largest amount of money in the shortest amount of

time." *Id.* (quotations omitted). Additionally, "[t]he best interest of the estate turns on whether its economic value is greater in or out of bankruptcy." *Id.*

7. The Settlement Motion contemplates the dismissal without prejudice of this Bankruptcy Case by agreement, with the Bankruptcy Court retaining jurisdiction for the purpose of enforcing the Settlement Agreement if necessary.

8. Bankruptcy courts have entered orders dismissing Chapter 11 cases while making provisions for certain matters to be adjudicated, so long as the priority requirements of the Bankruptcy Code are preserved. *See In re KG Winddown, LLC,* 628 B.R. 739 (Bankr.S.D.N.Y. 2021); *The Great Atlantic & Pacific Tea Company, Inc.*, 2021 WL 5863393 (Bankr.S.D.N.Y., May 13, 2021).

9. Accordingly, the Debtor respectfully requests that the Court dismiss the Bankruptcy Case without prejudice and retain jurisdiction for a limited period of time for the purpose of enforcing the Settlement Agreement and adjudicating any causes of actions for breach of the Settlement Agreement if necessary.

10. For the same reasons stated in the Settlement Motion, the Debtor respectfully asserts that it is in the best interest of the Debtor, its creditors and other parties in interest for this Court to grant Debtor's motion to dismiss. No harm or prejudice will result to any party by granting the Debtor's motion, as the Debtor and its creditors will be better off outside of bankruptcy than inside it.

11. The Debtor intends to pay its remaining creditors and its lease obligations in the ordinary course of its business operations, with those parties retaining all of their contractual rights.

12. The Debtor acknowledges that any U.S. Trustee fees due pursuant to 28 U.S.C. §1930 are not waived by the dismissal of this Bankruptcy Case.

**WHEREFORE**, the Debtor requests the following relief:

1. This motion be **GRANTED**;

2. The bankruptcy case be **DISMISSED** without prejudice, but that this Court enter an Order expressly retaining jurisdiction to enforce the terms of the settlement (and to adjudicate any causes of action for breach of the Settlement Agreement) that is the subject of the filed Settlement Motion [Doc. 257];

3. Unless a party in interest in the case files a motion requesting further relief of this Court, that the bankruptcy case be administratively closed by the Clerk of this Court twenty-eight (28) days from the entry of the order on this motion;

4. For such further and other relief as is just.

Dated: April 17, 2023

Respectfully Submitted,
**MARVIN KELLER TRUCKING, INC.**,

Sumner A. Bourne
Rafool & Bourne, P.C.
401 Main Street, Suite 1130
Peoria, IL 61602
Telephone: (309) 673-5535
Facsimile: (309) 673-5535
sbourne@rafoolbourne.com

By: /s/ Sumner A. Bourne
Attorney for Debtor